UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | No. 1:23-CR-268 (JMC) |
| ) | |
| MICHAEL ST. PIERRE ) | |
|     Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL**

Defendant Michael St. Pierre respectfully moves this Honorable Court, pursuant to Fed. R. Crim. P. 29, to enter a judgment of acquittal on Count 7 of the superseding indictment, charging him with an act of physical violence in the Capitol grounds or building in violation of 40 U.S.C. § 5104(e)(2)(F). As grounds, the defendant submits that the government has failed to satisfy its burden of proof, as a matter of law, with respect to each element of the charges. While contesting each and every element, the defendant submits this memorandum of law on only the limited issues discussed below.

BACKGROUND

Mr. St. Pierre was charged by superseding indictment with seven offenses related to his participation in the riot at the United States Capitol on January 6, 2021. As relevant here, Count 2 of the superseding indictment charged Mr. St. Pierre with destruction of government property, 18 U.S.C. §§ 1361, 2, which was alternatively charged under a theory of attempt. However, Count 7, an act of violence in the Capitol grounds or building, 40 U.S.C. § 5104(e)(2)(F), was *not* alternatively charged under a theory of attempt, *see Superseding Indictment*, ECF

1

no. 47, at 2, 4; *Legal Instructions*, ECF no. 60, at 6-8, 15, and the relevant statute does not provide for liability under such a theory.

The Government proceeded on both counts 2 and 7 on the theory that Mr. St. Pierre committed or attempted to commit a destruction of government property and committed an act of physical violence in the Capitol when he threw a flagpole topper at the north doors of the Capitol building ("north doors"). *See Affidavit of Counsel*, attached as Exhibit A.

On October 9, 2024, in announcing the guilty verdict as to Count 2, charging destruction of government property, 18 U.S.C. §§ 1361, 2, this Court made the following findings:

- Mr. St. Pierre attempted to destroy government property.

- Mr. St. Pierre threw a flagpole topper at and struck the windows of the north doors.

- The parties stipulated that there was damage to the wood portion of the north doors.

- No evidence was presented that the windows were damaged or broken.

- Mr. St. Pierre was clearly trying, and thus attempting, to destroy government property.

- Mr. St. Pierre threw a heavy object at the windows and yelled to others to break the windows, which he was clearly trying to do whether or not he was successful.

- Mr. St. Pierre's conduct was willful and done on purpose, not by mistake or accident.

- Mr. St. Pierre knew that he should not be throwing objects at windows trying to break them.

*See Affidavit of Counsel*, attached as Exhibit A.

As to Count 7, charging an act of violence in the Capitol grounds of building, 40 U.S.C. § 5104(e)(2)(F), this Court made the following findings:

- Physical violence includes damage to or destruction of property.
- The Court already convicted of Mr. St. Pierre of damage to or destruction of property, when it found Mr. S. Pierre guilty of Count 2.
- Mr. St. Pierre took a heavy object and threw it at the north doors.
- Mr. St. Pierre acted willfully and knowingly.

*See Affidavit of Counsel*, attached as Exhibit A.

## DISCUSSION

I.  **Mr. St. Pierre cannot be found guilty of committing an act of violence for purposes of 40 U.S.C. § 5104(e)(2)(F) where the court found only that he committed attempted destruction of property, but not that he completed an act of destruction or damage to property of the U.S. Capitol.**

The Government has failed to show that the actions of Mr. St. Pierre damaged the U.S. Capitol Building or any other Government property. Thus, Mr. St. Pierre is entitled to a judgment of acquittal on Count 7 of the superseding indictment.

To find the defendant guilty of destruction of government property under the theory of attempt, the Government must prove the following elements beyond a reasonable doubt: (1) "the defendant intended to commit the crime of destruction of government property," as defined above, (2) "the defendant took a substantial step toward committing destruction of government property which strongly corroborates or confirms that the defendant intended to commit that crime." *Legal Instruction*, ECF no. 60 at 6.

3

As to Count 7, to find the defendant guilty of physical violence at the Capitol building or grounds, the Government must prove the following elements beyond a reasonable doubt: (1) "the defendant engaged in an act of physical violence within the Capitol Buildings or Grounds[,]" and (2) "the defendant acted willfully and knowingly." *Legal Instructions*, ECF no. 60, at 15; 40 U.S.C. § 5104(e)(2)(F). An "Act of physical violence" is defined for purposes of 40 U.S.C. § 5104(e)(2)(F) as "any act involving … (B) damage to, or destruction of, real or personal property." 40 U.S.C. § 5104(a). *See also Legal Instructions*, ECF no. 60, at 15.

As charged, instructed, and argued, Count 7 required proof beyond a reasonable doubt that Mr. St. Pierre caused some amount of damage to, or destruction of, government property. Critically, however, this Court found only that the Government proved beyond a reasonable doubt that Mr. St. Pierre *attempted* to damage or destroy the windows of the north doors by throwing a flagpole topper at and striking the window. *See Affidavit of Counsel*, attached as Exhibit A. This Court also specifically found that, although the parties stipulated that the wood portion of the doors were damaged on January 6, 2021, no evidence was presented that the windows of the north doors were likewise damaged or broken. *Id.* Critically, this Court also found, based on the video evidence, that the flagpole topper struck the windows – *i.e.*, not the wood portion – of the north doors. *Id.*

Thus, where the Government presented no evidence that Mr. Pierre's act of throwing a flagpole topper at and striking the window of the north doors caused any

4

damage to or destruction of that window, Mr. St. Pierre is entitled to a judgment of acquittal on Count 7 of the superseding indictment.

## CONCLUSION

For the foregoing reasons, Mr. St. Pierre respectfully requests that this Court grant his motion.

>
> Respectfully submitted,
> MICHAEL ST. PIERRE
> By his attorney,
>
> /s/ Michael Tumposky
> Michael Tumposky (BBO No. 660618)
> Hannah Taylor (BBO No. 710056)
> Tumposky & Associates, P.C.
> 88 Broad Street, Suite 101
> Boston, MA 02110
> T) (617) 722-8220

## CERTIFICATE OF SERVICE

I, Michael Tumposky, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 21, 2024.

> /s/ Michael Tumposky
> Michael Tumposky